BRISTOW v. ATLANTIC COAST LINE R. R.

1. NEW TRIAL.—There being evidence which, if accepted by the jury, would support a verdict, it is not legal error to refuse to set it aside.

2. COMMON CARRIER—FREIGHT.—CHARGE that it is the duty of a common carrier of freight to deliver goods to consignee is corrected by a subsequent instruction that in 1899 it was duty of common carrier to unload freight in its warehouse and give the consignee a reasonable time to remove it, and if then destroyed without fault of carrier, no liability attaches.

Before ALDRICH, J., Darlington, November term, 1904. Affirmed.

Action by Sallie L. Bristow against Atlantic Coast Line Railroad. From judgment for plaintiff, defendant appeals.

*Messrs. P. A. Willcox* and *W. F. Dargan,* for appellant. *Mr. Dargan* cites: *Plaintiff must show the goods were destroyed before she had reasonable time to remove them:* 11 S. C., 158. *Consignee is not entitled to notice of arrival of goods:* 17 L. R. A., 691; 11 S. C., 158; 50 S. C., 139; 6 Cyc., 458.

*Messrs. Woods & Macfarlan,* contra, cite: *Carrier must make either actual or legal delivery:* 11 S. C., 162; 5 Ency., 191; 6 Ency. P. & P., 464. *Carrier is insurer of goods until delivered to consignee, or he has had reasonable time to remove them:* 53 S. C., 123; 57 S. C., 325.

June 30, 1905.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   The plaintiff sued the defendant for the sum of $181.75, which she alleged was the value of the goods which were destroyed by fire on the 23d of September, 1899, while they were in possession of the defendant railroad.

An interesting controversy was had before Judge and jury as to when the goods were received by the railroad company, and as to whether the plaintiff had a reasonable time to remove the goods after the same were unloaded from the cars by the defendant.   With slight variations the Judge's

charge was clear and explicit.   The verdict of the jury was in favor of the plaintiff for the sum of $247.80.   After entry of judgment thereon the defendant appealed on three grounds.   We will now consider those grounds of appeal in their order.

The first ground of appeal is as follows: "Because his Honor, the Circuit Judge, should have held, on the motion for a new trial, that there was no evidence to support the verdict of the jury, and should have set the same aside."   We have examined the testimony in the record and find that there was testimony which, if accepted by the jury, would have supported the verdict.   This being so, we cannot hold that the Circuit Judge erred when he refused a new trial.   This ground of appeal is, therefore, overruled.

"Second.  The defendant excepts to the charge of his Honor, the Circuit Judge, because he erred in charging the jury, 'It is the duty of the common carrier to carry these goods with all reasonable dispatch to their destination, and then, the law requires it, as well as the contract, to deliver these goods, or perform its duty— to deliver those goods to the consignee, to the person to whom they were shipped;' and as follows: 'Were those goods stated in the itemized account?   If so, were they brought to Darlington, and were they delivered?'   It being submitted that the defendant was under no duty to deliver the goods, but performed its duty when it carried them to their destination, and the consignee had reasonable time to remove them."   The excerpts were taken from the general charge of the Circuit Judge, which he was careful to correct in an after charge made at the request of the defendant, as follows: "That after the arrival of the goods the plaintiff was entitled to reasonable time in which to inspect, accept the goods and remove them from the depot or warehouse; but what is reasonable time is a question for the jury; but that, while reasonable time will depend to some extent on the circumstances of the case, yet reasonable time will not depend

upon the peculiar circumstances in the situation of the plaintiff as affecting her own necessity or convenience." And as will be further seen from a consideration of the Judge's charge of the seventh request of the plaintiff, which is as follows: "If the jury conclude from the testimony that the consignee or person to whom said goods are shipped has not failed to remove them within a reasonable time, the railroad company is liable as insurer of the property, and if destroyed by fire, must pay the value to the consignee or owner." But most particularly do we refer in this connection to the language of the second of defendant's requests, which was in these words: "A common carrier was not required, under the law in this State, in September, 1899, to give the consignee notice of the arrival of goods, but after the goods had arrived, were unloaded from the cars of carriage into a warehouse, the consignee had a reasonable time in which to remove them. If he failed to do so, and the goods were destroyed, through no fault of the carrier, then the carrier would not be liable, and the verdict should be for the defendant." In charging this request, the Judge used the following language: "That is correct, and so I charge you. The special point to that request is this. That it is not the duty of the common carrier to notify the consignee— the person to whom the goods are shipped—of the arrival of the goods. That is the law in this State, and as the law I recognize and charge it to you."

So that it is apparent that the Judge has abundantly corrected his first mistake. There could not have been any misconception of the law on this point. *Colton* against *the Railway Co.,* 11 S. C., 158; also, *Hipp* v. *Railway Co.,* 50 S. C., 129, 27 S. E., 623. This ground of appeal is now overruled.

"Third. Because his Honor erred in charging plaintiff's first request to charge: 'A railroad company or common carrier of goods is an insurer of the property until such goods are delivered to the consignee.' With the modification: 'I charge you that that is correct, with this modifica-

tion: until such goods are delivered to the consignee, and he has had a reasonable time to remove the same;' it being submitted that it was not the legal duty of the defendant to deliver the goods to the consignee, but it performed its duty when it carried them to their destination, and the consignee had reasonable time to remove them." We feel sure that any error here was abundantly corrected by what is said in our consideration of the second ground of appeal. This ground of appeal is, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.