6531

## BELL v. SOUTHERN RY.

CARRIER—FREIGHT—PENALTY.—Filing a claim for damages to freight with the soliciting freight agent at destination is a sufficient filing with the agent of a common carrier at destination of shipment to entitle claimant to the penalty provided in 24 stat., 81.

Before HYDRICK, J., Richland, May, 1906. Affirmed.

Action by G. W. Bell against Southern Ry. From judgment on Circuit sustaining judgment of Magistrate B. P. McMaster, defendant appeals.

*Mr. Jno. T. Sloan,* for appellant, cites: *Notice of loss must be served on freight agent at destination: Best* v. *Ry.,* 72 S. C.; 73 S. C., 73; 71 S. C., 274. *Penal statutes must be strictly construed:* 26 S. C., 294; 23 Ency., 658.

*Messrs DePass* and *DePass,* contra, cite: *An agent in possession of principal's property is presumed the agent of such principal:* 67 S. C., 395; 74 S. C., 360; 70 S. C., 339; Code, 1902, 2026.

May 2, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The facts out of which this controversy arose were thus found by the magistrate who first tried the case:

"Upon review of the testimony and argument herein, I find as a matter of fact that the defendant received as common carrier at Augusta, Ga., certain bundles of sashes for shipment to plaintiff at Columbia; that when same were delivered to plaintiff at destination, on or about the 11th of October, 1905, they were found broken and damaged to the amount of $2.40. That ninety days prior to February 12th, 1906, the claim for said damages was filed with soliciting freight agent of the defendant at its office on Main street, in Columbia."

His conclusions of law were as follows: "I find as a matter of law that the plaintiff was not required to file claim with a particular agent of said company at Columbia, but the filing of said claim with the soliciting freight agent of the defendant company at its office at Columbia was such a filing with 'the agent of a common carrier' 'at the point of destination of such shipment' as to entitle the plaintiff to recover the penalty of $50.00, as provided by acts of 1903 (24 statute, 81).

"It is therefore adjudged that the plaintiff have judgment for $52.40."

The defendant appealed to the Circuit Court, and the magistrate's findings of fact and conclusions of law were sustained.

The defendant appealed to this Court on the following exceptions:

"1. Because his Honor erred, it is respectfully submitted, in finding that he was satisfied that the magistrate was correct in his findings of law and fact.

"2. That his Honor erred in overruling the exception to the ruling of the magistrate, 'that D. L. Bryan, freight agent, requested J. W. Strickland, agent for the plaintiff, when his attention was called by him to the damage done to the glass, to inform the plaintiff, Bell, to present his claim and it would be paid.'

"3. That his Honor erred in overruling the exception 'that, regardless of this notice, Bell persisted in filing his claim with C. C. Mulherin, a soliciting agent of the defendant, without authority to settle freight charges for loss or damage of property while in the possession of the defendant.'

"4. That his Honor erred in overruling the exception 'that the above facts and the short time intervening between the expiration of the ninety days and the bringing of the said suit show that there was no negligence on the part of the defendant of the adjustment and payment of the claim, and was not in violation of the act which was approved 23d of February, 1903 (24 Stats., 81).'

"5. That his Honor erred in overruling exception 'that because the magistrate found as a matter of law that the filing of claim with the soliciting agent at the office of the defendant in Columbia, the point of destination of shipment of glass, entitled plaintiff to recover the penalty of $50.00, as provided for by the act of 1903 (24 Stats., 81).'

"6. That his Honor erred in not finding that the plaintiff should have filed his claim with D. L. Bryan, the regular freight agent at Columbia, S. C., the point of destination of the shipment of the glass, and having failed to file his claim

with said agent could not recover the penalty provided for by act of 1903 (24 Stats., 81).

"7. That his Honor erred in sustaining the magistrate in his conclusion of law that the plaintiff was not required to file his claim 'with a particular agent of said company' at Columbia, S. C., but the filing of said claim with soliciting agent of said company at its office in Columbia was such a filing with 'the agent of a common carrier' at the point of destination of such shipment as to entitle the plaintiff to recover the penalty of $50.00, as provided by act of 1903 (24 Stats., 81).

"8. That his Honor erred in sustaining the judgment of the magistrate that the plaintiff have judgment for fifty-two dollars and forty cents ($52.40)."

The requirement of the statute is that the claim should be filed with the agent of the carrier at the point of destinatioon of such shipment within the time therein specified. The ruling of the magistrate, which was sustained by his Honor, the Circuit Judge, is sustained by the cases of *Faust* v. *Ry.*, 74 S. C., 360, and *Bolton* v. *Tel. Co.*, 76 S. C., 529.

The other exceptions either relate to questions of fact or are dependent upon the ruling just made.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.