6530

MURPHY v. SOUTHERN RY.

Warehouseman.—Where a Carrier takes goods to their destination, unloads them in its warehouse, notifies consignee of their arrival, and they are destroyed by fire, without any fault or negligence on part of carrier, after consignee has had sufficient time and opportunity to remove them, the carrier is not liable for their loss.

Before WATTS, J., Bamberg, April, 1906. Reversed.

Action by J. H. Murphy against Southern Ry. Co. From judgment of Circuit Court affirming judgment of Magistrate W. Russell Wright, defendant appeals.

*Messrs. B. L. Abney* and *Francis F. Carroll,* for appellant. *Mr. Abney* cites: 50 S. C., 140; *State* v. *Holleyman,* 55 S. C.; 67 S. C., 493; 73 S. C., 116; 170 U. S., 172; 45 S. E., 492; 57 Fed., 573; 72 S. C., 44; 49 N. Y., 223; 57 N. Y., 677; 39 Wis., 449; 57 Mo. App., 181

*Mr. Eugene T. LaFitte,* contra, cites: 37 S. C., 605; 30 S. C., 612.

May 2, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff recovered judgment against defendant in a magistrate court for thirty-two 50-100 dollars, the value of certain personal property destroyed by fire while in defendant's warehouse at Bamberg, S. C., which was burned October 13, 1905, and in addition plaintiff recovered fifty dollars statutory penalty for failing to pay plaintiff's claim within forty days from time of filing. On appeal his Honor, Judge R. C. Watts, affirmed the judgment, announcing that he could not hear the evidence taken before magistrate as, in his opinion, the undisputed facts as recited in the notice of appeal and exceptions made out a case of liability on the part of defendant and warranted the judgment of the magistrate. The defendant excepts to this as error.

The facts as set out in the notice and exceptions are as follows: "That the property embraced in said action was shipped over defendant's railroad to Bamberg, S. C., and reached its place of destination in due time and was unloaded from the defendant's cars and stored in the defendant's warehouse, the usual place of storing such property, on the morning of the 6th day of October, 1905, and there remained continuously, subject to the acceptance and removal of the plaintiff, until said property was accidentally destroyed by fire, along with the defendant's warehouse, on the evening of the 13th day of October, 1905, and that the plaintiff, although having due notice and full knowledge that said property had reached its place of destination and was there awaiting his acceptance and removal, and having more than ample and reasonable time within which to accept and remove the same from defendant's warehouse, nevertheless failed to remove said property from the defendant's warehouse, or to offer to do so, and that at the time the said property was destroyed by fire defendant's duties as a com-

mon carrier and insurer of the said property had ceased, and defendant was using due care and diligence to protect said property, and said property was not destroyed through any fault or negligence on the part of the defendant."

The authorities in this State establish that the liability of a railroad company as carrier ceases when the goods are ready for delivery at the place of destination and the consignee has had a reasonable time within which to remove the goods, after which the company's liability as a warehouseman begins, and that as warehouseman it is liable only for loss resulting from negligence. *Spear and Colton* v. *R. R.,* 11 S. C., 158; *Bristow* v. *R. R.,* 72 S. C., 43, 51 S. E., 529; *Brunson & Boatwright* v. *R. R.,* 76 S. C., 13; *Fleishman, Morris & Co.* v. *R. R., Post* 237.

Upon the facts stated the defendant's relation to plaintiff was that of warehouseman, and the goods not having been destroyed through any negligence of defendant there was no liability.

The judgment of the Circuit Court is reversed.