7341

McCOY v. ATLANTIC COAST LINE R. R. CO.

1. EVIDENCE—PRESUMPTIONS.—The book containing the rules of the carrier as to baggage is the best evidence of them and in absence of other showing Court will presume there is such a book.

2. CARRIER—BAGGAGE—NEGLIGENCE.—Charge to the effect that while in the possession of carrier damage is shown to baggage, the burden is then shifted to it to show the damage did not arise from its negligence is not subject to the objection that it should have been modified by adding the carrier would not be liable unless damage was caused by circumstances not consistent with ordinary care.

3. IBID.—IBID.—CUSTOM.—The charge here complained of merely leaves to the jury the weight they would give to the custom of the carrier, in accepting the trunks of a traveling salesman at the station at his headquarters when he comes in and holding them until he goes out again in determining if the carrier held the trunks when destroyed as carrier or warehouseman.

MR. JUSTICE WOODS dissents.

Before WILSON, J., Sumter, July, 1908.    Affirmed.

Action by J. W. McCoy against Atlantic Coast Line Railroad Company, in court of Magistrate H. L. B. Wells. From Circuit order affirming judgment of magistrate's court, defendant appeals.

*Mr. Mark Reynolds*, for appellant, cites: *Carrier not liable if not negligent:* 77 S. C., 78; 76 S. C., 237. *The rule as to end of liability as carrier and beginning of liability as warehouseman does not apply to baggage:* 6 Cyc., 672. *When liability as carrier ceases:* 77 S. C., 78.

*Mr. L. D. Jennings,* contra, cites: *Carrier is liable if trunks are held for later transportation:* 76 S. C., 237; *Battle* v. *R. R.,* 70 S. C.

October 25, 1909.   The opinion of the Court was delivered by

Mr. Chief Justice Jones.   Plaintiff, a traveling sales-
man, on the night of February 21, 1907, became a passenger
on defendant's railroad at Eastover, S. C., and checked his
trunk, containing sample clothing, to Sumter, S. C., his desti-
nation.   Sumter was his headquarters, and he was in the
habit of leaving his sample trunk in the passenger depot
until starting out on his trips again.   He did not call for
his trunk until Monday, the 25th.   In the meantime, on
Sunday, the 24th, the passenger depot took fire and the
trunk and contents were damaged.

He brought action for his damages in a magistrate's
court, and recovered judgment for $93.23, which, on appeal
to the Circuit Court, was affirmed.   The main issue was
whether the liability of defendant was as common carrier
or as warehouseman.

Defendant's first, sixth and seventh exceptions to the
judgment were abandoned.

· The second exception assigns error in sustaining the
ruling of the magistrate in excluding the answer of the
baggage agent, Chandler, to the question: "What are your
orders about baggage agent?"   Objection was made
and sustained on the ground that the book containing
the rules and regulations was the best evidence.   The
ruling was correct, if such orders were in a book of regula-
tions, and in the absence of anything to the contrary in the
record, we presume there was such a book.

The witness, however, was, nevertheless, allowed to
testify that there were certain hours for baggage to stay
there, but he was not sure whether for twenty-four or forty-
eight hours.

The third exception alleges error in sustaining the ruling
of the magistrate in excluding the answer of the witness,
Chandler, to the question: "When trunk is left at depot, at
whose risk is it?"   Objection was made and sustained on
the ground that this was a matter of opinion, and a question
of law.   The ruling was correct, but, nevertheless, the wit-

ness was allowed to testify: "No money paid after a certain length of hours at company's risk—24 or 48. Don't remember this trunk at all."

The fourth exception imputes error in sustaining the following charge to the jury by the magistrate:

"That if you are satisfied from the evidence that the plaintiff delivered to the defendant the merchandise in question that it is alleged was damaged by the defendant, and if the plaintiff has further shown that when he called for the goods he did not receive the same, or has shown that the same was damaged or destroyed by fire, then the burden is on the defendant to prove that it was not damaged through any negligence on its part, and the defendant may show the manner of damage or how it occurred. And the jury is instructed that where the plaintiff has shown delivery to the defendant, and that when the property was delivered to him it was damaged, then the burden is on the defendant to show how the damage occurred, and it is for the jury to say, under all the evidence, whether the damage occurred through any negligence of the defendant."

The objection which appellant makes to this charge is that it should have been modified so as to state, "that the defendant would not be liable unless the fire was caused by circumstances not consistent with ordinary care on the part of the railroad company."

The exception cannot be sustained, as no request for such modification was made, and if request had been made it need not have been granted, since the charge substantially covered the desired modification.

The fifth and last exception remaining charges error in sustaining the following instructions to the jury by the magistrate:

"The jury is further instructed, that if they find from the evidence that the defendant has been in the habit of keeping the trunk and samples of the plaintiff in its depot at Sumter,

S. C., from time to time, then it is for the jury to say whether the plaintiff had the right to rely on said custom as a silent consent on the part of the defendant to keep said goods as a common carrier for the plaintiff; and if there was such a custom, then whether the defendant was retaining the goods for the plaintiff as a common carrier or as a warehouseman is for the jury to determine; and, if the defendant was keeping said goods as a common carrier, then the defendant would be liable for all damages, whether it was negligent or not. If, however, the defendant was retaining possession of said goods as a warehouseman, then it would be liable for damages caused by negligence only."

The specifications of error are: "(a) In that, even if it had been shown that the trunk of the plaintiff had several times previously been kept in the depot of the defendant, the jury should not have been instructed that the plaintiff had the right to rely on this fact, that this defendant kept the said trunk as a common carrier. (b) In that such a custom was sufficient to make their liability that of a common carrier and not a warehouseman. (c) In that in further charging the jury that under the circumstances defendant would be liable for all damages, whether it was negligent or not."

The habit mentioned in the testimony and the charge was not merely the holding of a trunk after transportation at the terminal depot, but also the holding of the same trunk at the initial depot for transportation as baggage of a traveling salesman, going in and out of the station, where he had his headquarters.

The magistrate did not charge that plaintiff had the right to rely on such custom as an assent by defendant to hold as common carrier, nor that such a custom was sufficient to make defendant liable as common carrier, nor that defendant would be liable for all damages, whether negligent or not. The charge merely left it to the jury to determine what weight they would give to the custom, if any, in determining the issue.

These objections are not well taken. The magistrate, we think, fairly submitted to the jury the issue whether the defendant's relation to the baggage was that of common carrier or as warehouseman, with proper instructions as to the liability attaching to each relation. The case was tried in accordance with the principles announced in *Brunson* v. *Boatwright,* 76 S. C., 76, 56 S. E., 538, 10 L. R. A. (N. S.), 736n; *Fleishman* v. *Ry.,* 76 S. C., 244, 56 S. E., 974; and *Murphy* v. *Southern Ry.,* 77 S. C., 76, 57 S. E., 664.

The judgment of the Circuit Court is affirmed.

Mr. Justice Woods, *dissenting.* I concur in overruling all the exceptions except the last. The rule in this State is thus stated in *Murphy* v. *So. Ry.,* 77 S. C., 76: "The authorities in this State establish that the liability of a railroad company as carrier ceases when the goods are ready for delivery at the place of destination, and the consignee has had a reasonable time within which to remove the goods, after which the company's liability as a warehouseman begins, and that as a warehouseman it is liable only for loss resulting from negligence. *Spear & Colton* v. *R. R.,* 11 S. C., 158; *Bristow* v. *R. R.,* 72 S. C., 43, 51 S. E., 529; *Brunson & Boatwright* v. *R. R.,* 76 S. C., 13; *Fleishman, Morris & Co.* v. *R. R.,* Post., 237."

This Court has expressly rejected the rule that a railroad company's liability as a common carrier continues until it has given notice to the owner to remove the goods. In the case now under consideration the trunk arrived in Sumter on 21st February, 1907, and the owner designedly left it in the station, for his own convenience, until it was destroyed by fire on the night of the 24th. The fact that he had done the same thing many times before, without notice from the railroad company to take the trunk away, could have no tendency to show that the railroad company assumed the risk of a common carrier beyond a reasonable time for removal. To hold that it did seems to me to be overruling the doctrine explicitly stated in the case above

cited, and many others, that if goods are not taken from a carrier's possession within a reasonable time after arrival the carrier may rely upon being held only to the responsibility of a warehouseman, and liable only for loss or injury due to negligence.

It may be the custom of this carrier, and of all carriers, to keep goods until they are called for by the consignees, but this practice cannot have the effect of charging them with an intention to assume a carrier's liability beyond a reasonable time after the goods have reached their destination, when the Court has declared that by retaining the goods beyond such reasonable time they assume only the responsibility of a warehouseman. For these reasons, I think, the charge of the magistrate last set out in the opinion of the Chief Justice is contrary to the settled law of the State, and the judgment should be reversed.