7458

### KNIGHT v. SOUTHERN RY.

1. CARRIER—FREIGHT—WAREHOUSEMAN—ISSUES.—Where the evidence, uncontradicted and admitting of but one inference, is to the effect that freight remained in the depot for some weeks, the consignee having about a week's notice of its arrival, no act of the carrier or any *vis major* preventing its removal, the Court may decide the liability of carrier has ended and that of warehouseman attached.

2. IBID.—IBID.—CUSTOM.—Evidence tending to show a carrier allowed a consignee to leave freight on several occasions in its warehouse with storage charges, does not tend to show a custom or agreement with the carrier to continue its liability as carrier beyond time fixed by law.

Before WATTS, J., Bamberg, Winter term, 1909. Affirmed.

Action by A. W. Knight against Southern Railway Co. From judgment for defendant, plaintiff appeals.

*Messrs. Wyman & Henderson,* for appellant, cite: *Issue of reasonable time for removal was for jury:* 76 S. C., 13; 72 S. C., 45; 10 Rich., 419; 6 Cyc., 443; 1 L. R. A., 142, 851; 4 Id., 140; 6 Id., 1048. *Liability as carrier was continued by custom:* 76 S. C., 476; 16 Cyc., 459; 12 Cyc., 1061; 27 Ency., 872.

*Mr. J. F. Carter,* contra, cites: *Issue of time for removal was for Court:* 77 S. C., 76; 104 Md., 567; 10 Ency., 437; 59 S. E., 949. *Railroad company not responsible:* 29 S. C., 96, 306; 44 S. C., 315; 45 S. C., 46, 181, 278; 48 S C., 388; 51 S. C., 296; 52 S. C., 224; 53 S. C., 132; 56 S. C., 599.

February 24, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiff sued to recover of defendant as a common carrier for loss of goods destroyed by fire while in the depot at Bamberg, S. C., and for the statutory penalty for failure to adjust the loss within the time required by law.

Upon the trial Judge Watts granted nonsuit upon the ground that the defendant was not liable as common carrier upon the evidence, under the authority of *Murphy* v. *Southern Railway,* 77 S. C., 76.

The first exception raises the question that the Court erred in not submitting to the jury to determine whether a reasonable time had elapsed for removal by the consignee after arrival of the goods and before their destruction by fire. The evidence was that the goods remained in the depot "some weeks" after arrival, and that plaintiff "about a week or such a matter" before the fire had knowledge of their arrival. The general rule is thus declared in *Murphy* v. *Railway,* 77 S. C., 78, 57 S. E., 664. "The authorities in this State establish that the liability of a railroad company as carrier ceases when the goods are ready for delivery at the place of destination, and the consignee has a reasonable time within which to remove the goods, after which company's liability as warehouseman begins, and that as warehouseman it is liable only for loss resulting from negligence." *Speer and Colton* v. *Railway,* 11 S. C., 158; *Bristow v. Railway,* 72 S. C., 43, 51 S. E., 529; *Brunson and Boatwright* v. *Ry.,* 76 S. C., 13, 56 S. E.,

538; *Fleischman Morris Co.* v. *Railway,* 76 S. C., 237, 56 S. E., 974."

In Murphy's case the goods were destroyed by fire seven days after the arrival. Plaintiff had notice of arrival and failed to remove. The Court held in effect that a reasonable time for removal had elapsed, and there was no liability as common carrier. Ordinarily it is for the jury to determine what is a reasonable time, but when the facts are undisputed and are susceptible of but one inference, as in this case, the Court may determine as matter of law what is a reasonable time within which the consignee should remove goods ready for delivery by the carrier. Much less than seven days has been held reasonable time.

*United Fruit Co.* v. *N. Y. & B. Transportation Co.,* 104 Md., 567; 10 A. & E. An. Cases, 437; *Hutchinson* v. *U. S. Express Co.,* 14 L. R. A. (N. S.), 393.

In this case there was no evidence that any act of the carrier, or any *vis major* prevented removal; on the contrary it appears that the only reason that the goods were not removed was that plaintiff wished to have the bill of lading when he paid the freight, and that he had not received such bill of lading from the consignor, although he had several times written for the same.

We find no error in the ruling of the Court in this regard. The remaining exception charges error in granting the nonsuit because there was evidence tending to show a custom between plaintiff and defendant whereby the liability of the defendant as common carrier and insurer was extended.

All the testimony on this point is contained in the following extract: "Q. In regard to the business transaction between yourself and the Southern Railway company, did you have any special custom or usage with them, as to the time when you remove your goods from the depot? A. They did not require any special time for the removal of them. Q. Now, had they allowed you to leave goods there

from time to time—how many years previous to the loss of those goods, had you been leaving your goods at the depot, as shipments came in there?    Mr. Carter: May it please the Court, is that competent?   The Court: Not for years before. A. I had been leaving them there for two or three weeks.  Q. How many times had they allowed you to leave your goods in the depot?   A. I don't remember, but it must have been several times.   Q. Did you not consider that these goods were in the hands of the railway company, as a common carrier?   A. I most certainly did.   Mr. Carter: May it please the Court, I think this is incompetent.   The Court: Let him state the facts Mr. Wyman.   Q. Previous to the time you lost these goods, was it ever required of you on the part of the railroad company's agent to pay storage charges?    A. No, sir.   Q. You never had to pay storage charges?    A. No, sir."

We do not think there is anything in the above tending to show the existence of a custom extending the defendant's liability as a common carrier and insurer, although it may tend to show that defendant on several occasions before had held plaintiff's goods as warehouseman without charge.

It is not incumbent on the carrier to give notice that goods must be removed in a particular time, or to give notice that a charge will be made for storage unless the goods are promptly removed, before its liability as insurer can cease.

This conclusion is not in conflict with the decision in *McCoy* v. *Atlantic Coast Line Railway Co.,* 84 S. C., 62. In that case the baggage which arrived at Sumter, the terminal station, on Thursday night, February 21st, was destroyed by fire on Sunday, February 24th, and there was evidence tending to show that plaintiff therein was a traveling salesman going in and out of Sumter as his headquarters, and that it was the custom for the railroad company to hold the trunk at the depot for retransportation as baggage. Under these circumstances this Court held a charge not erroneous which submitted to the jury to determine whether

there was such a custom, and what effect should be given to it in determining whether the railroad company was liable as common carrier or as warehouseman.

Neither the issues as made on the trial under the pleadings, nor the exceptions, require us to consider whether the liability of defendant as warehouseman should have submitted to the jury.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE HYDRICK. I concur on the ground that the points raised by the exceptions are untenable, as shown by the opinion of the Chief Justice, and because the exceptions do not raise the point that the Circuit Court erred in not submitting to the jury the question of the defendant's liability as warehouseman. I think the cases cited by the Chief Justice, especially the Brunson and Fleischman cases— show that the plaintiff made out a *prima facie* case, under the pleadings and evidence against the defendant as a warehouseman, and that it was error to grant the nonsuit, but as the exceptions do not raise that point, the judgment must be affirmed.