### 8083

#### F. L. LAYTON & SONS v. CHARLESTON AND WESTERN CAROLINA RAILWAY CO.

1. CARRIER—FREIGHT.—Under a bill of lading "order notify" it is the duty of the carrier to notify the consignee of the arrival of the freight, and the liability of insurer does not cease until the elapse of a reasonable time thereafter for removal.

2. IBID.—IBID.—PENALTY.—The charge in this case that plaintiffs are not entitled to recover the penalty unless they recover the whole amount claimed, construed under the facts and by considering the whole charge to mean that they are not entitled to recover the penalty unless they recover the whole amount for which claims were filed.

3. CHARGE.—A REQUEST should be submitted to instruct as to any special view of the law.

4. REHEARING *refused.*

Before DeVore, J., Spartanburg, October term, 1909. Affirmed.

Action by F. L. Layton & Sons against Charleston & Western Carolina Railway Company.   Defendant appeals.

*Messrs. T. B. Grier, Nichols & Nichols* and *Boman & Osborne,* for appellant.

*Messrs. John Gary Evans* and *S. M. Whetmore,* contra.

The opinion in this case was filed on November 29th, 1911, but remittitur held up on petition for rehearing until

January 8, 1912.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   This suit was for damages for not delivering freight, consigned to plaintiffs at Enoree, S. C., embracing two causes of action, the first being for the value of four shipments in the possession of defendant on September 13, 1907, one for $14.71, the value of a lot of hardware, one for $16.89, the value of another lot of hardware, one for a lot of sugar, starch, and soap the value of $40.85, and another for $101.56, the value of a lot of flour, aggregating $174.01, for which claims had been filed. Judgment was prayed for this sum and in addition fifty dollars penalty for failure to adjust the claims filed therefor as required by statute; the second cause of action was for $52.72, the value of a portion of a shipment of flour in the possession of defendant, with penalty for failure to adjust as required by statute.

Answering the first cause of action defendant admitted possession of the property in September, 1907, as a common carrier, but alleged that the goods were safely carried to their destination and were stored in its warehouse and were

there destroyed by fire without fault or negligence on its part. There was no issue raised in the pleadings in this cause of action as to the loss of the goods while in defendant's possession, their value and the filing of claims therefor, the only issue being whether defendant was liable either as common carrier or as warehouseman. As to the second cause of action the answer was a general denial. The judgment was for $326.00 in favor of plaintiffs.

The first question presented by defendant's appeal is whether the Court erred in instructing the jury that under the bill of lading produced in evidence it was the duty of the railroad company to notify the consignee of the arrival of the goods and allow a reasonable time for their removal.

The only bill of lading set forth in the record contained the following: "Order notify F. L. Layton, Enoree, S. C.;" also the following: "If the word order is written immediately before or after the name of the party to whose order the property is consigned, the surrender of the bill of lading properly endorsed, shall be required before the delivery of the property at destination as provided by section 9 of the conditions on the back hereof." On the back of the bill of lading was printed: "If the word order is written hereon, immediately before or after the name of the party to whose order the property is consigned without any condition of limitation other than the name of the party to be notified of the arrival of the property the surrender of this bill of lading properly endorsed, shall be required before the delivery of the property at destination. If any other than the aforesaid form of consignment is used herein the said property may at the option of the carrier, be delivered without requiring the production or surrender of this bill of lading."

The general rule is well settled that the carrier is not bound to give notice to the consignee of the arrival of goods. *Spears & Colton* v. *S. W. & C. R. R. Co.,* 11 S. C. 158; *Bristow* v. *R. R. Co.,* 72 S. C. 46, 51 S. E. 529.

But the carrier and shipper may contract that notice shall be given of the arrival of the goods, and we agree with the Circuit Court that the contract as shown by the bill of lading requires notice to the consignee and the production of the bill of lading before delivery. The appellant further contends that if this construction be correct as to "order notify" shipments, it was error to so instruct in this case in which there were other shipments without such directions. The Court, however, was only construing the particular bill of lading introduced in evidence and if counsel wished to discriminate between "order notify" shipments and other shipments, the Court's attention should have been directed to the matter, if there was any evidence that the other shipments were under a different kind of a contract.

There was evidence that the goods mentioned in the first cause of action were destroyed by fire which burned defendant's depot at Enoree on the night of September 13, 1907, that the shipment of sugar, etc., arrived at Enoree on the 10th or 11th of September, the shipments of hardware on the 7th and 10th of September and the shipment of flour arrived on the 6th of September. It was also in testimony that plaintiff was notified of the arrival of the flour on the 9th and of the arrival of the other goods on the 12th of September. The bill of lading for the flour was retained by the shipper awaiting the consignee's remittance. Plaintiff sent his check on September 11 and received the bill of lading on the 12th of September. Plaintiff conducted his business about six miles from the nearest station, Enoree, and on the morning of September 14th had hitched up a team to go for the goods when he heard of the fire. The Court instructed the jury that if it became necessary to produce the bill of lading before plaintiff as consignee could get the goods, it would be the duty of the railway company to give him a reasonable time to produce the bill of lading. This instruction is made the basis of exception on the ground that the relation of common carrier exists only so

long after arrival of the goods as would give the consignee a reasonable time to take his goods away. The general rule is as stated, but since in an "order notify" shipment, under the contract noticed, it was the duty of the carrier to notify the consignee of the arrival of the goods, the reason of the rule would require that the consignee must have a reasonable time in which to remove the goods after notice of their arrival, and since under the contract there was to be no delivery except upon production of the bill of lading, the rule must necessarily involve reasonable time to obtain and produce the bill of lading as a prerequisite of removing the goods.

In an unrestricted shipment of goods to a consignee the title and control of the goods is in him and he is expected to look after his property and on its arrival remove the same within a reasonable time, but in a shipment "order notify" where the bill of lading is held by the shipper or his order, title and control of the goods do not pass to the consignee until he acquires the bill of lading. *National Bank of Chester* v. *Atlanta and Charlotte Ry. Co.,* 25 S. C. 216; *Grocery Co.* v. *Elevator Co.,* 72 S. C. 453, 52 S. E. 191. No duty, therefore, devolves upon a consignee to demand the goods and remove the same, until he acquires the ownership and control of same.

Exception is taken to the following charge:

"If you conclude that the value of the property in the first cause of action is less than the amount claimed in the complaint, he cannot recover the penalty. The verdict has to be as much as the amount claimed is before he can recover the penalty. If you find that plaintiffs are entitled to recover the full amount claimed in the first cause of action, then they would be entitled to recover the fifty dollars penalty, and if you find that he is not entitled to recover the full amount in the second cause of action, then they would not be entitled to recover the penalty. In order to recover the penalty in both cases plain-

tiffs must satisfy you that they are entitled to recover the full amount of both claims in both causes of action. You may give him the penalty in one or both cases, or in neither one, just as you find the value of the property to be. If you find the value of the property to be what is claimed in both cases, then he would be entitled to the penalty in both cases, both causes of action."

It is contended that this charge made the test of the right to recover the penalty depend upon the amount claimed in the complaint instead of the amount of the claims as filed with the agent at the point of destination. The amount of the claims as filed with the agent and alleged in the complaint was $174.01, in the first cause of action, and $52.72 in the second cause of action, which aggregated $226.73, and the Court no doubt supposed what is true, that the amount of the damages as alleged in the complaint was the same as the amount of value as stated in the claims filed with the agent. The fact that the general prayer for judgment for $326, including presumably the amount of the claims and $100 for penalties, was seventy-three cents less than the amount claimed in the body of the complaint was not called to the Court's attention. The plaintiffs proved the amount of their loss precisely in accordance with their claims as filed, and there was really no contest in this regard.

While there is no doubt that the statute requires recovery of the amount demanded in the claims as filed with the agent as a condition for recovery of the penalty, as shown in *Bent* v. *Ry.,* 72 S. C. 483, and *Rippy & Co.* v. *Southern Ry.,* 80 S. C. 526, we do not think it can fairly be claimed that the charge given by the Court meant to instruct otherwise. A consideration of the charge as a whole also leads to this conclusion.

The contention that the Court should have instructed the jury that if their verdict should be less than the amount claimed by the plaintiffs in the claims filed with the agent,

they could not recover the penalty is met by the view above stated, and by the further consideration that if appellant wished a more explicit charge on that subject a request for instruction should have been made. We are satisfied that Judge DeVore was endeavoring to instruct in accordance with the view now contended for by appellant.

We do not consider that the exceptions and the record present the question whether a recovery for seventy-three cents less than the amount of the claims as filed with the agent would sustain a judgmnt for the penalty.

We have not noticed in detail all the exceptions, but they have been considered and are regarded as controlled by what has been stated above.

The judgment of the Circuit Court is affirmed.

Petition for rehearing dismissed by formal order on January 8, 1912.