8219

## TEAGUE v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—OFFICE HOURS—ISSUES.—Whether it is error or not to submit to the jury the issue of reasonableness of office hours, the appellant cannot raise that question here as he requested the Judge to instruct the jury that it is not negligence for an agent to retain a message received after office hours, if the jury are of opinion they are reasonable, and he so instructed them.

2. IBID.—IBID.—WAIVER.—Under evidence tending to show carrier's agents did not observe Sunday hours and that it had no established Sunday hours, it was not error to send to the jury the issue of waiver of office hours.

Before WATTS, J., Spartanburg, July, 1911.    Affirmed.

Action by Alfred Teague against Western Union Telegraph Company.    Defendant appeals.

*Messrs. Geo. H. Fearons, Sanders & DePass* and *Nelson, Nelson & Gettys,* for appellant.    *Messrs. Nelson, Nelson & Gettys* cite: *The office hours were reasonable:* 71 S. C. 303; 70 S. C., 258; 90 S. C. 132; 37 Cyc. 1744, note 60.

*There was no evidence of waiver:* 71 S. C. 386; 73 S. C. 522. *Delay in delivery was not the proximate cause of any damage to plaintiff:* 90 S. C. 132.

*Messrs. Johnson & Nash,* contra. No argument furnished Reporter.

May 30, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This was an action for damages, alleged to have been sustained by the plaintiff, through the negligence and intentional wrong on the part of the defendant, in failing to deliver the following telegram, within a reasonable time:

"Marshall, N. C. Alfred Teague, Clinton, S. C. Father died last night; funeral tomorrow ten o'clock. R. S. Teague."

The defendant denied the material allegations of the complaint, set up the defense of contributory negligence, and the further defense, "that it had established as its Sunday office hours at Clinton, certain reasonable hours from 9:30 o'clock a. m. to 10:30 o'clock a. m., and from 4:30 o'clock p. m. to 5:30 o'clock p. m., for receiving and delivering messages at Clinton, and that the message which was sent to the plaintiff on that date, was delivered at Clinton, out of its office hours."

There was testimony tending to show, that the message was delivered to the defendant for transmission, at Marshall, N. C., about eleven o'clock a. m. on Sunday, the 19th of September, 1909, received by the defendant's agent at Clinton, S. C., at 1:23 o'clock p. m., and delivered to the plaintiff on the same day, at 5 o'clock p. m.

At the close of the testimony, the cause of action for punitive damages was withdrawn from the jury, which rendered a verdict in favor of the plaintiff, for two hundred dollars, and the defendant appealed.

The first question that will be considered is, whether his Honor, the presiding Judge, erred, in submitting to the jury the question, whether the office hours at Clinton were reasonable. Before proceeding to consider this question, it is necessary to determine whether it is to be decided by the Court, or submitted to the jury.

In 27 Enc. of Law, the rule is thus stated: "Like other corporations or individuals, engaged in a public business, a telegraph company has the right, to provide rules and regulations, with which all persons desiring to engage its services, must comply. This right, however, is subject to the limitation, that the regulations must be reasonable, and may not operate to relieve the company of any obligation, imposed by law or public policy, and they must be reasonably applied, under the special circumstances of any particular cases. The company has the right to provide reasonable regulations, as to the hours during which its office shall be open, for the transmission and delivery of messages. The reasonableness of the regulations, with respect to any particular office, must depend largely, upon the locality of that office, and is, therefore, a mixed question of law and fact. It is not necessary that all offices shall have the same hours; the practical effect of a contrary rule, would be to destroy the right of regulations." This language is quoted with approval in the case of *Bonner* v. *Tel. Co.,* 71 S. C. 303, 51 S. E. 117. In the case of *Knight* v. *Ry.,* 85 S. C. 78, 67 S. E. 16, the Court says: "Ordinarily, it is for the jury to determine what is a reasonable time, but when the facts are undisputed, or are susceptible of but one inference, the Court may determine, as matter of law, what is a reasonable time." * * *

In 16 Enc. of Law, it is said: "The general rule is well known, that questions of fact, are to be submitted to the jury, and this includes not only cases, when the facts are in dispute, but also when the question is as to inference, to be drawn from such facts, after they have been determined. * * * The issue of negligence should go to the jury: 1.

When the facts which, if true, would constitute evidence of negligence, are controverted. 2. When such facts are not disputed, but there may be a fair difference of opinion, as to whether the inference of negligence, should be drawn. 3. When the facts are in dispute, and the inferences to be drawn therefrom, are doubtful." This language is quoted with approval, in *Wood* v. *Mfg. Co.,* 66 S. C. 482, and other cases in this State.

His Honor, the Circuit Judge, at the request of the defendant's attorneys, charged the jury as follows: "The fact, if it be a fact, that the agent of a telegraph company retains a message, which was received on Sunday, after office hours, is not negligence, if it appears that the company had established office hours, which, in the opinion of the jury, were reasonable." So that, even conceding that it would otherwise have been erroneous, to submit to the jury the question whether the rules were reasonable, the appellant can not complain, after requesting that such question be submitted to them. The exceptions raising this question are overruled.

The next question to be determined is, whether there was error on the part of his Honor, the presiding Judge, in submitting to the jury the question of waiver.

E. M. Bobo, a witness for the defendant, testified as follows, on redirect examination by the defendant's attorney: "Do you know anything about the telegraph office hours during Sundays, of your own knowledge? No, sir; I did not."

Recross-examination by Mr. Nash: "You worked in the same office that the Western Union Telegraph people worked in? Yes, sir. You don't know what their Sunday hours were? No, sir. You don't know whether they observed them or not? No, sir. If they did observe them it had never made sufficient impression on you, to cause you to take cognizance of it? No, sir. It didn't make any impression

on you? No, sir. How long have you worked there with them, before and afterwards? I have been there about six years. In the same office with the Western Union people? Yes, sir. And you don't know what hours they observed? No, sir."

Redirect examination by Mr. Sanders: "You have nothing to do with the Western Union business? No, sir."

Recross-examination by Mr. Nash: "Did you sometimes deliver messages for them when they would be out? Sometimes; yes, sir. You worked interchangeably there; they would help you sometimes and you help them? Yes, sir. You sold tickets and sometimes they did? Yes, sir."

This testimony tended to show, that if the defendant observed Sunday office hours, such fact would have been within the knowledge of the witness.

The testimony also tended to show, that the defendant did not have Sunday office hours. The exceptions raising this question are overruled.

Judgment affirmed.

MR. JUSTICE WATTS, *disqualified.*