### MOISE v. SOUTHERN RAILWAY CO.

#### (123 S. E., 791)

1. Carriers—No Recovery for Refusal to Deliver Goods Without Order Notify Bill of Lading.—Where plaintiff's agent erroneously shipped interstate goods to plaintiff by an order notify bill of lading, and plaintiff did not give bond to carrier or institute an action under Bill of Lading Act, § 14 (U. S. Comp. St., § 8604gg), *held,* that plaintiff cannot recover from carrier for refusal to deliver goods without bill of lading, in view of Section 42 (U. S. Comp. St., § 8604uu).

2. Courts—Federal Rules and Decisions Controlling on Question of Interstate Shipment.—Federal rules and decisions are controlling on a question of an interstate shipment.

Before Memminger, J., Sumter, December, 1923. Reversed and complaint dismissed.

Action by H. D. Moise against the Southern Railway Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Frank G. Tompkins* and *Lee & Moise,* for appellant, cite: *Interstate shipment:* Act 39, Stat. at Large, 538; Fed. Stat. Ann. 1918, Supp., page 72; Secs. 3, 7, 7, 10, 14, 42; 10 Wall., 176; 194 U. S., 427; 12 How., 272; 11 Wall., 129; 240 U. S., 632; 238 U. S. 507. *Order notify Shipment:* 25 S. C., 216; 72 S. C., 251; 72 S. E., 988; *Title:* 115 S. C., 82. *Bill of Lading:* 121 S. E., 307; 142 N. E., 375; 73 S. E., 92; 250 U. S., 199; 254 U. S., 538; 101 U. S., 557; 87 S. E., 94. *Punitive damages:* 108 S. C., 517; 81 S. C., 317; 77 S. E., 1017; 115 S. C., 228; 147 U. S., 101.

*Mr. L. D. Jennings* for respondent.

July 18, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This was an action commenced by the service of summons and complaint on the 31st day of January, 1922, alleging damages to the plaintiff in the sum of $2,900 on account of the alleged refusal of defendant's agent to deliver to plaintiff a certain shipment of pipe and fittings shipped to Morrow Transfer & Storage Co., at Sumter, S. C., order notify H. D. Moise, Sumter, S. C., December 3, 1921, moving on Atlanta, Ga., to Sumter, S. C., waybill 1320, December 3, 1921. The case came on trial at the December term of Sumter Common Pleas Court, 1923, before his Honor, R. W. Memminger, and a jury, and resulted in a verdict of $30 actual and $100 punitive damages in favor of the plaintiff.

"At the close of the plaintiff's testimony, defendant made a motion for a nonsuit, which motion was refused. At the close of all the testimony defendant made a motion for a direction of verdict, which motion was refused. Motion for a new trial was duly made, which motion was refused.

From the orders, rulings, and judgments entered or to be entered herein, defendant duly appealed, notice of such appeal being served upon the attorney for the plaintiff on December 8, 1923, judgment was duly entered previous hereto, and the case now comes on to be heard under such appeal."

The exceptions are eight in number, and allege error on the part of the Court in refusing motion for nonsuit, direction of verdict, and new trial, and in refusing to charge requests of defendant, and in portions of the general charge, in all of which the presiding Judge refused to accept the contention of the defendant that, this being an order notify bill of lading in an interstate shipment, it was covered by the Federal Statute known as the Bills of Lading Act, 39 Stat. 538, Fed. Stat. Ann., 1918 Supplement, p. 72 (U. S. Comp. St. §§ 8804aa-8604w). There is also a clause in the bill of lading providing against delivery of shipment of this kind, except upon the surrender of the order bill of lading. The plaintiff had the idea that, as he had not told his agent, Morrow Transfer Company, to ship the material order notify, they had no right to do so, and that the railroad company was bound by what they did. The evidence shows that Morrow Transfer Company was acting as agent for plaintiff, and the plaintiff is bound for what they did. The railroad company was bound only by the contract which the Morrow Transfer Company made with them.

The Bills of Lading Act provides that bills of lading shall be negotiable; that the insertion of the name of the person to be notified shall not effect the negotiability of the same; that the carrier is bound to deliver the shipment to the holder of such bill of lading when there is an offer in good faith to satisfy the carrier's lawful lien, and the possession of said bill of lading, properly indorsed, surrendered. The act further provides that, where the carrier delivers the goods to one not lawfully entitled to the same, it shall be liable. Section 14 of the act is as follows:

"That where an order bill has been lost, stolen, or destroyed a Court of competent jurisdiction may order the delivery of the goods upon satisfactory proof of such loss, theft, or destruction and upon the giving of a bond. with sufficient surety, to be approved by the Court, to protect the carrier or any person injured by such delivery from any liability or loss incurred by reason of the original bill remaining outstanding.    The Court may also in its discretion order the payment of the carrier's reasonable costs and counsel fees; provided, a voluntary indemnifying bond without order of the Court shall be binding on the parties thereto."

Section 42 of said act defines the "holder" to be a person who has both actual possession of such bill and a right of property therein, and "order" as an order by indorsement on the bill.

His Honor was in error, under the facts in the case, in not granting a nonsuit or a directed verdict as asked for by the defendant.    It was an interstate shipment, and the rules and decisions of the Federal Courts are controlling. *Southern Railway Co. v. Prescott,* 240 U. S., 632; 36 Sup. Ct., 469; 60 L. Ed., 836.    Our own State Courts have, previous to this act, held that in an order notify shipment delivery could be made only upon surrender of the bill of lading.    See *National Bank of Chester v. A. & C. A. L. Ry.,* 25 S. C., 216.    *Electric Company v. Southern,* 72 S. C., 251; 51 S. E., 695; 110 Am. St. Rep., 600.    *F. L. Layton v. C. & W. C. Ry.,* 90 S. C., 323; 72 S. E., 988. They have also held that the title to the goods under an order notify bill of landing is in the shipper, and passes from him to his transferee of the bill of lading.    See *Bank v. Hines,* 115 S. C., 82.    Also, the bill of lading being a contract between the parties, it must be complied with, and can be changed by contract only.    See *Beaufort Truck Growers' Association v. S. A. L. Ry. Co.* (S. C.), 121 S. E., 357

In the case of *Kaufman v. Seaboard Air Line Railway,* 10 Ga. App., 248; 73 S. E., 92, a case very similar to the one

in question, Kaufman, being the owner of certain goods, delivered them through his agent to a common carrier for shipment, and his agent took the bill of lading therefor in his own name. When the goods arrived, the agents through whom the shipment had been made refused to deliver the bill of lading to the owner, but he demanded, nevertheless, that the carrier make delivery to him. The carrier refused to deliver it to him unless he would indorse the bill of lading. It was held that the carrier's refusal to deliver the goods did not constitute conversion, and that the owner of the goods could not maintain bail trover against the carrier for them.

Under the proof and circumstances as set out in the case there is no authority to entitle the plaintiff to the goods. Even if the bill of lading had been lost, under the law, it would have been necessary either to give bond, covering any possible loss to the railway company, by delivering the shipment to the claimant, or an action must have been instituted in Court as provided for in Sec. 14 of the Bill of Lading Act. The plaintiff did not offer to give bond, nor did he institute such action; he claimed that the goods should be delivered to him upon his statement that he was the owner of the goods.

All exceptions are sustained, and judgment reversed and complaint dismissed.

Reversed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.