8557

PARRY v. SOUTHEASTERN LIFE INSURANCE CO.

Insurance—Waiver—Forfeiture.—Where a policy of insurance, according to its terms and the receipt given for the premium, is forfeited by failure to pay the note given for the first premium when due, such forfeiture is not waived by the insurer writing after default, the following letter to the insured: "We are so disappointed at not hearing from you about premium note and interest past due since June 1st, that we are enclosing self-addressed envelope for reply from you saying why you have not attended to same. If we can help you by accepting part cash and extending note or make it easier for you in any other way please be free to express your views and we will give you prompt reply," which was not answered by insured.

Before MEMMINGER, J., Newberry, November, 1912.
Reversed.

---

*Resigned, June, 1913.

1—95

Action by Julia O. F. Parry against Southeastern Life Insurance Company.   Defendant appeals.

*Messrs. Haynsworth & Haynsworth, Hunt, Hunt & Hunter,* for appellant, cite: *Failure to pay the note avoided the policy:* 72 S. C. 216; 104 U. S. 252.   *Offer not accepted does not operate as an estoppel:* 96 U. S. 572; 96 Pac. 522; 60 A. R. 24; 29 S. E. 41; 42 At. 513; 128 N. W. 462; 76 S. E. 592; 93 S. C. 88.

*Mr. Fred. H. Dominick,* contra, cites: *As to forfeiture:* 54 S. C. 601; 96 U. S. 242.   *As to waiver of forfeiture:* 78 S. C. 443; 36 S. C. 273; 52 S. C. 228; 70 S. C. 303; 75 S. C. 263, 320; 78 S. C. 402; 25 Cyc. 871; 57 S. C. 370; 78 S. C. 444; 81 N. Y. 410; 90 S. C. 175.

May 28, 1913.  ·The opinion of the Court was delivered by

Mr. Chief Justice Gary.   This is an action on a policy of insurance.

On the 10th of March, 1907, the defendant issued a policy of insurance on the life of J. W. Parry, wherein his wife, the plaintiff, was named as the beneficiary.

One of the conditions contained in the policy was as follows: "Failing to pay when due any renewal premium or installment thereof, or any note or other obligation given as a lien against this policy, will render this contract null and void." * * *

The receipt given by the company for the premium contained this clause: "This receipt is subject to the conditions of any and all notes which have been given or may be given for the amount of said premium, or any part thereof."

The insured delivered to the company his promissory note whereby he promised to pay three months after the date thereof, twenty-three and 40-100 dollars, being the premium on said policy, due March 15, 1907.   Said policy including

all conditions therein for surrender or continuance as a paid-up term policy, to be null and void on the failure to pay said note at maturity.

The insured failed to pay said note, and on the 17th of July, 1907, the company wrote the following letter to him:

"We are so disappointed at not hearing from you about premium note and interest of $23.88 past due since June 1st, that we are enclosing self-addressed stamped envelope for reply from you saying why you have not attended to same.

"If we can help you by accepting part cash and extending note, or make it easier for you in any other way, please be free to express your views, and we will give you prompt reply."

The insured made no response.

The case was heard by his Honor, the presiding Judge, without a jury, and he found as a fact that "a conclusive case of waiver of forfeiture for nonpayment at maturity of premium note is established," and accordingly rendered judgment in favor of the plaintiff for the amount of the policy, whereupon the defendant appealed.

The letter was the only testimony introduced by the plaintiff to show that there was waiver of the right to insist upon the forfeiture.

The question presented by the exceptions is whether there was any evidence tending to show waiver.

The authorities cited by the appellant's attorneys unquestionably sustain the proposition, that there was a forfeiture of the policy when the insured failed to pay the note at maturity.

There is nothing in the letter manifesting an intention on the part of the company to waive the forfeiture. It was the intention of the company that the letter should be prospective in its operation; that it was merely intended to afford the insured the opportunity of entering into negotiations that might culminate in a waiver of the forfeiture if the insured complied with the terms and conditions upon which they

might agree. It cannot be successfully contended that the ignoring of the letter by the insured was as beneficial to him as if the parties had entered into an agreement and had performed the conditions upon which the forfeiture was to be waived.

Judgment reversed and a new trial granted.