9094

CLARK *ET AL.* v. SOUTHEASTERN LIFE INS. CO.

(85 S. E. 407.)

INSURANCE.    NONPAYMENT OF PREMIUMS.    WAIVER.    ISSUES.

1. INSURANCE—ACTIONS ON POLICY—QUESTIONS FOR JURY—FORFEITURE.— In an action on a life insurance policy, where the defense was forfeiture for nonpayment of premiums, and it appeared that the insured had given his notes for the premium, and received a receipt stating that the premium had been paid and the policy continued in force, subject to the condition of any notes given therefor as shown in the margin, but no notes were mentioned in the margin, and both parties introduced evidence as to the intent of the parties, it was a question

for the jury whether it was intended that a failure to pay the notes would result in a forfeiture of the policy.

2. TRIAL—TAKING CASE FROM JURY—CONFLICTING INFERENCES.—Where the facts are undisputed, but conflicting inferences may be drawn therefrom, the Court cannot direct a verdict.

3. INSURANCE — ACTIONS ON POLICIES — SUFFICIENCY OF EVIDENCE — WAIVER OF FORFEITURE.—In an action on a life insurance policy, evidence *held* sufficient to take to the jury the question whether the insurer had waived its right to declare a forfeiture for failure to pay premium notes.

4. INSURANCE—ACTIONS ON POLICIES—QUESTION FOR JURY—WAIVER OF FORFEITURE.—Where a number of facts in evidence, taken together, were sufficient to support an inference of waiver of forfeiture of a life insurance policy for nonpayment of premium notes, though no one of them would support such inference, the question of waiver is one for the jury.

Before SEASE, J., Spartanburg, May, 1914.    Affirmed.

Action by Alice Clark, and her husband, Douglas E. Clark; Elizabeth M. Lyles, and her husband, J. Belton Lyles, and Joseph M. Blair, against Southeastern Life Insurance Company. From judgment for plaintiffs, defendant appeals.

*Messrs. Haynesworth & Haynesworth,* for appellant, submit: *Failure to pay notes given for premiums worked forfeiture of policy:* 95 S. C. 1; 37 S. C. 417; 72 S. C. 212; 137 Pac. 869; 72 S. E. 863; 28 N. J. Eq. 167; 86 N. E. 928; 187 U. S. 335; 61 C. C. A. 138; 60 S. E. 470; 193 U. S. 551.

*Messrs. Sanders & DePass,* for respondent, submit: *Receipt evidence of payment:* 1 Rich. L. 32. *Note received as payment:* 1 Rich. L. 36; *Ib.* 111; 79 S. C. 494; 95 S. C. 1, *distinguished. Terms of note:* 77 S. C. 299; 60 S. E. 470-480; 37 S. C. 417; 27 Am. Rep. 443. *Waiver:* 96 S. C. 375; 79 Ky. 403; 31 La. Ann. 235. *Objections to evidence:* 67 S. C. 430; 54 S. C. 314; 72 S. C. 350.

May 5, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on a policy of life insurance. On the 23d of December, 1905, the defendant issued to Joseph M. Blair a policy of insurance on his life in the sum of $2,000, in favor of his children, the plaintiffs herein. Joseph M. Blair died on the 2d of September, 1911.

The defendant, after denying certain allegations of the complaint, set up the following as a defense:

(1) "It alleges that the policy referred to in the complaint was issued, and was to be of force in consideration of $121.66, to be paid, in advance, and of the payment of a like sum on December 5th at noon, in every year thereafter during the continuance of the said policy, and the policy provided that a failure to pay any renewal premium or installment thereof, or any note or other obligation given therefor, would render the policy null and void."

(2) "That the insured failed to pay the premium which fell due on December 15, 1908, but executed for said premium four notes of the amounts and the dates hereinafter indicated, to wit, $30 due March 15, 1909; $30 due June 15, 1909; $30 due September 15, 1909; $31.66 due December 15, 1909. That all of said notes contain the following clause, to wit: 'Said policy, including all conditions therein for surrender or continuance as a paid-up term policy, shall, without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity.'"

(3) "That when the note which fell due on March 15, 1909, became payable, the insured was unable to pay the same, and thereupon it was extended by mutual agreement to May 15, 1909, when the insured was still unable to pay it. Thereupon the insured made therefor his two notes to this defendant, each in the sum of $15, due, respectively, June 15, 1909, and July 15, 1909."

4. "That all of the said notes and renewals contained the clause hereinbefore set forth, and were conditioned that the policy set forth in the complaint would become void on the failure to pay any of the said notes."

(5) "That none of the said notes, or any part thereof, were paid, nor were the premiums which matured, respectively, on December 15, 1909, and December 15, 1910, ever paid by the insured or by any other person, and that by the terms of the said policy and the terms of the said notes the said policy, with all rights thereunder, became void on the failure to pay the said notes and the said premiums, or any of them, as they respectively matured."

(6) "That under the terms of the policy, however, the insured, by reason of the payment of the premiums falling due prior to December 15, 1908, was entitled to have the said policy extended from December 15, 1908, to April 2, 1910, but that said policy expired on said date."

. The following statement appears in the record:

"The entire policy was in evidence, but it is agreed for the purpose of this appeal that the following statement of its contents includes all the matters essential to the determination of this case: It was issued by the Southeastern Life Insurance Company to Joseph Mayo Blair on December 23, 1905, and 'in consideration of the application for this insurance, which application is copied hereon, and made a part of this contract, and in further consideration of the sum of $121.66, to be paid in advance, and of the payment of a like sum, on the 15th day of December at noon, in every year thereafter during the continuance of this policy,' insured the life of the said Joseph Mayo Blair in the sum of $2,000, payable at his death to Alice, Elizabeth M. and Joseph M. Blair, Jr., share and share alike, or to the survivors of them, subject, however, to the conditions stated in the policy:

" 'Premium Payments.—Failure to pay, when due, any renewal premium or installment, or any note or other obli-

gation given as a lien against this policy, will render the contract null and void, except as is herein below provided. Any indebtedness to the company on account of this contract will first be deducted in any settlement of this policy or any benefit hereunder.'

" 'Surrender Values.—. * * * (3) Only the president, vice president, secretary, or treasurer has power on behalf of the company to make or modify this or any contract of insurance, or to extend the time for paying the premium. (4) Premiums must be paid at the home office, unless otherwise provided, and in any case, in exchange for an official receipt, signed by one of the above-named officials, and countersigned by the person to whom payment is made. Upon failure to pay any annual premium after the third the company will extend automatically, as term insurance, the net amount insured by this policy, for the number of years and days named in table C below. The extension, as stated in table C, is as follows: "After 3 years, 1 year and 108 days; after 4 years, 1 year and 269 days." '

" 'Assignments.—Any assignment of this policy must be made in duplicate and sent to the home office, one to be retained by the company, and the other to be returned. The company has no responsibility for the validity of any assignment.'

" 'Reinstatement.—Should this policy lapse by reason of the nonpayment of any premium, it may be reinstated at any time within 12 months after lapse, provided the insured shall furnish evidence of good health satisfactory to the company, and pay all overdue premiums, and any indebtedness to the company, under this contract to date of reinstatement, with interest thereon.'

"Pasted in the policy is the receipt of the secretary of the company, dated December 16, 1905, for $121.66, 'being the first premium upon policy No. 67, issued upon the life of Joseph M. Blair, continuing said policy in force to the

15th day of December, 1906, at noon.    This receipt is sub-
ject to the condition of any and all notes which have been
given, or may be given, for the amount of said premium,
or any part thereof.' "

At the close of the testimony the defendant's attorney
requested his Honor, the presiding Judge, to direct a ver-
dict for the defendant, on the following grounds:

"There is only one inference to be drawn from the testi-
mony concerning the following matters, and that the follow-
ing propositions are consequently made out, to wit: That
there was a failure to pay the notes made for the premium
due December 15, 1908, and that under the contract, the
policy became forfeited, except for the period of extended
insurance, and this period expired prior to the death of Mr.
Blair.    (2) There was no waiver of forfeiture of the policy
operating to extend the life of the policy to the time of the
death of Mr. Blair.    (3) Under the testimony there was no
estoppel on the part of the defendant preventing it from
setting up forfeiture of insurance."

The jury rendered a verdict in favor of the plaintiffs for
the full amount, less the unpaid notes, and the defendant
appealed.

The first question that will be considered is whether there
was error on the part of his Honor, the presiding Judge,
in refusing to direct a verdict on the ground that the failure
to pay the notes given for the premium due on the
15th of December, 1908, caused a forfeiture of the
policy, except for the period of extended insurance,
which, it is contended, expired prior to the death of the
insured.

The defendant introduced testimony, both oral and
written, tending to sustain the allegations of its defense.

The plaintiffs offered in evidence the following receipts:

| Settlement. | Premium, $121.66. | Number 67 |
|---|---|---|

Southeastern Life Insurance
Company

**Cash**................

Note ........mos.

Note ........mos.

Note ........mos.

Note ........mos.

Note ........mos.

Total paid

Received one hundred twenty-one & 66/100, being the annual premium on the above-numbered policy, issued upon the life of Joseph M. Blair, continuing said policy in force to the 15th day of December, 1909, at noon.

This receipt is subject to the conditions of any and all notes which have been given as shown on margin hereof, for amount of said premium, or any part thereof. This receipt is not valid unless countersigned and dated the day of payment by treasurer.

Paid at Southeastern Life Ins. Co. this Nov. 17 day of 191–.
     Wm. H. Valentine
                    Treas.

W. H. Valentine
          Secretary

The words, "Received one hundred twenty-one & 66-100 dollars, being the annual premium on the above-numbered policy, * * * continuing said policy in force to the 15th day of December, 1909," are in themselves a plain and unequivocal acknowledgment on the part of the defendant that the premium in question had been paid, and that the policy was continued in force until the 15th of December, 1909. It is true the receipt contains the provision that "this receipt is subject to the conditions of any and all notes which have been given, as shown on margin hereof, for amount of said premium, or any part thereof," and that there are blank spaces on the margin of the receipt for the description of any notes so given, but it does not appear upon the margin of said receipt that notes were given for the amount of said premium or any part thereof. Therefore, unless there was a resort to other testimony explanatory of the receipt, the proper construction would be that it appeared upon the face thereof that the premium had been paid and the policy continued in force. The defendant introduced both oral and written testimony to explain and contradict the receipt; and the plaintiffs relied upon certain

facts and circumstances to show that the receipt, upon its face, represented the intention of the parties.

The inferences to be drawn from the testimony introduced by the respective parties were conflicting; and, if his Honor had undertaken to direct a verdict, he would have invaded the province of the jury.

In 16 A. & E. Enc. of Law (1st ed.) 465, *et seq.,* the rule when the facts should be submitted to the jury is thus clearly stated:

"The general rule is well known that questions of fact are to be submitted to the jury, and this includes, not only cases when the facts are in dispute, but also when the question is as to inferences to be drawn from such facts after they have been determined. * * *

"The following rules may be stated *as applicable to every case:* 1. When the facts which, if true, would constitute evidence of negligence, are controverted. 2. When such facts are not disputed, but there may be a fair difference of opinion as to whether the inference of negligence should be drawn. 3. When the facts are in dispute, and the inferences to be drawn therefrom are doubtful." (Italics added.)

This language is quoted with approval in the cases of *Rinake* v. *Mfg. Co.,* 55 S. C. 179, 32 S. E. 983; *Wood* v. *Mfg. Co.,* 66 S. C. 482, 45 S. E. 81; *Teague* v. *Tel. Co.,* 91 S. C. 443, 74 S. E. 980. See, also, *Holliday* v. *Pegram,* 89 S. C. 73, 71 S. E. 367, Ann. Cas. 1913a, 33, and *Watson* v. *Paschall,* 93 S. C. 537, 77 S. E. 291.

The next question that will be considered is whether there was error on the part of his Honor, the presiding Judge, in refusing to grant the motion for the direction of a verdict, on the ground that there was no testimony tending to show waiver of defendant's right to claim a forfeiture by reason of failure of the insured to pay the notes when due.

The policy was issued in December, 1905, and it is admitted that all premiums, due prior to the 15th of December, 1907, were paid. On the 15th of December, 1907, in order to continue the policy of force until the 15th of December, 1908, the insured gave three notes, in the respective, sums of $40, $40, and $41.66, aggregating $121.66, the amount of the premium; but none of these notes were paid until the 17th of November, 1908, when a check was given for $124.15, which included the principal and interest then due. Although the notes were not paid until a year after the dates thereof had expired, nevertheless the defendant did not declare a forfeiture of the policy when there was a failure to pay any of said notes, but, on the contrary, it accepted at that time the four notes in question. (These notes, however, do not bear date the 17th of November, 1908, but the 15th of December, 1908.) When the notes which became payable on the 15th of March, 1909, were not paid, the defendant did not then assert its right to claim a forfeiture of the policy, but extended the time of payment until the 15th of May, 1909; and, when it was not paid at maturity, the defendant again failed to exercise its right to declare a forfeiture, but accepted two notes of the insured, each in the sum of $15, due, respectively, the 15th of June, 1909, and the 15th of July, 1909. If there was a forfeiture of the policy, then the insured was not thereafter liable for the full amount of the premium. The defendant, however, did not return any of said notes, but retained them until the trial of the case, and upon its request his Honor, the presiding Judge, charged the jury, that if they found a verdict in favor of the plaintiffs to deduct the amount of the notes (which, of course, included the unearned premium).

Even though no one of said facts may be sufficient in itself to warrant an inference of waiver, yet, if taken together, they tend to produce that result, then there was no error in submitting that question to the jury.
*Danzler* v. *Cox*, 75 S. C. 334, 55 S. E. 774.

The question whether the indulgences granted the insured by the defendant constituted waiver could not have been determined by his Honor, the presiding Judge, without violating section 26, art. 5 of the Constitution, which provides that Judges shall not charge juries in respect to matters of fact. *Sparkman* v. *Supreme Council,* 57 S. C. 16, 35 S. E. 391.

The appellant's attorneys rely upon the case of *Parry* v. *Insurance Co.,* 95 S. C. 1, 78 S. E. 441. The facts in that case, however, were quite different from those now under consideration. In *Parry* v. *Insurance Co., supra,* there was no testimony tending to show waiver, while there are a number of facts and circumstances in the present case tending to establish such fact.

The other assignments of error relate to the charge of the presiding Judge, and must be overruled, for the reason that, when the charge is considered in its entirety, even if there was error it was not prejudicial to the rights of the appellant.

Judgment affirmed.