## 10022

### BARNES v. ATLANTIC COAST LINE R. CO. *ET AL.*

(96 S. E. 530.)

1. CONTINUANCE 12—DISCRETION—ILLNESS OF PARTY.—Refusal to continue a case because of the absence through illness of defendant, who was also a material witness, was not an abuse of discretion, where he had testified at a former trial and by an agreement his testimony was read.

2. There being evidence in the case whereby the jury might reasonably infer negligence, his Honor correctly submitted the case to the jury.

3. The motion for a new trial was addressed to the discretion of the Court, and no abuse of discretion is shown in the denial of the motion.

Before MAULDIN, J., Charleston, Spring term, 1918. Affirmed.

Action by Travis Barnes, by his guardian *ad litem,* against the Atlantic Coast Line Railroad Company, a corporation, and others. Judgment for plaintiff, and defendants appeal.

*Messrs. Mordecai & Gadsden & Rutledge,* for appellants, cite: *As to refusal of motion for continuance:* 42 S. C. 209; 33 S. C. 106; 33 S. C. 275; 4 Strob. 61; 25 S. C. 122; 29 S. C. 581; 71 S. E. 782; 89 S. C. 190; 65 S. C. 493; 43 S. E. 957; 67 S. C. 245; 45 S. E. 171; 68 S. C. 494; 47 S. E. 689; 77 S. C. 294; 57 S. E. 848; 37 S. E. 836; 75 S. C. 150; 55 S. E. 161; 75 S. C. 311; 55 S. E. 458; 80 S. C. 557; 61 S. E. 1014; 82 S. C. 236; 64 S. E. 144; 99 S. C. 231; 83 S. E. 599; 100 S. C. 458; 85 S. E. 378; Black's Law Dictionary, 2d Ed. 10; 69 S. C. 292; 87 S. E. 254; 98 S. C. 144; 100 S. C. 331; 84 S. E. 876; 21 S. C. 327; 146 U. S. 629; 36 L. Ed. 1107; 186 U. S. 225; 94 U. S. 652; 24 L. Ed. 216.

*Messrs. Logan & Grace,* for respondent, cite: *As to refusal of motion for continuance:* 88 S. C. 384. *As to refusal of motion for a directed verdict:* 60 S. C. 9; 86 S. C. 306; 100 S. C. 107; 108 S. C. 95; 93 S. E. 395; 107 S. C. 523; 93 S. E. 188; 106 S. C. 123.

July 12, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages, and the case was tried before Judge Mauldin and a jury. At the close of plaintiff's case, a motion was made for a directed verdict in favor of defendants, which was refused. When all of the evidence was in, another motion for a directed verdict in favor of the defendants was made and refused. The jury

returned a verdict in favor of plaintiff against defendants generally for the sum of $10,000. After entry of judgment, defendants appeal.

The first exception is as follows: Because the Court should have granted the motion for the continuance of the cause upon the ground that George Brothers, one of the defendants, had a few days previous to the trial suffered a fracture of his leg, being confined to the hospital at Florence and unable to attend the trial, and that his presence was necessary for the purpose of conducting his defense of the cause and consulting with his counsel, and hearing the witnesses produced against him, which said ground the defendant, George Brothers, specially urges. This exception gives us some trouble. There is no doubt that the continuance of a case in the absence of a witness rests in a large measure in the sound discretion of the trial Judge, and this Court will not interfere with the exercise of this discretion except in a clear case of the abuse of this discretion. This applies to a witness in the case. There is a difference, however, between a witness in a cause and a party to a cause, plaintiff or defendant. A witness has not ordinarily the same interest in a cause as a party to a suit. He is supposed only to testify in the case. A party to a cause in a measure directs or assists in the management of the case by suggestion and advice to his attorney during the progress of the cause, the striking of the jury, the order in which witnesses are examined, and questions to be propounded. By his familiarity with the facts of the case, the facts within his knowledge personally, he is of great assistance to his counsel, and a trial Judge should exercise a great caution in the exercise of his discretion in matters of continuance on account of the absence of a party to the suit. His presence at the trial is more material than that of a witness, who is simply to testify. He is expected not only to give evidence, but to assist counsel in the management of the case by advice and suggestion. A party to a suit that he prosecutes

or defends, not only has the right to be present at the trial, but the supposition is that he will be present for the purpose of aiding and assisting in the protection of his rights.

There is no doubt that the defendant was sick and could not be present. There is no pretense about this. His Honor had good cause to continue the case if he saw fit, so the question resolves itself: Were the rights of the defendants prejudiced by going to trial without the presence of one of the defendants, who was both defendant and a material witness, and if present could have advised and counseled? Were the defendants placed at a disadvantage and prejudiced by his absence? The defendant had testified at a former trial, and by agreement his testimony was read at this trial; the defendants got the benefit of his evidence, and under the facts of this case we cannot say that the defendants were prejudiced by the absence of the defendant to such an extent as to say the trial. Court was in error and abused its discretion to such an extent as to warrant this Court in interfering and saying that his action was a clear case of abuse of discretion. That has not been shown in the case. While the defense might have been strengthened by the presence of the defendant, we cannot say in this case that the refusal to continue the case by his Honor on account of his absence was such an abuse of discretion as would warrant us in reversing the judgment. This exception is overruled.

The other exceptions raise, in substance, the questions: (1) That the Court should have directed a verdict at the close of plaintiff's case. (2) That a verdict should have been directed at the close of the whole testimony. (3) That the Court should have granted a new trial.

There is evidence in the case whereby the jury might reasonably infer negligence on the part of the defendant in the particulars set forth in the complaint alleging negligence in the different particulars, and, that being so, his Honor could not have directed a verdict as asked for, but

correctly submitted the case to the jury. The facts proven in the case are susceptible of more than one inference and properly presented questions for the jury to pass upon and determine, and his Honor properly submitted the case to them.

The motion for a new trial was addressed to the discretion of the Court and refused. We see no abuse of discretion on the part of his Honor.

All exceptions are overruled.

Judgment affirmed.