### HARTFORD FIRE INSURANCE CO. v. ETHEREDGE

#### (129 S. E., 428)

1. CONTINUANCE—REFUSAL OF CONTINUANCE ON GROUND OF ILLNESS OF WIFE, PARTY DEFENDANT, HELD NOT ABUSE OF DISCRETION.—In action on notes against husband and wife, refusal to grant continuance because of illness of wife, preventing her from attending trial, *held* not abuse of discretion.

2. EVIDENCE—TESTIMONY THAT APPLICATION ACCOMPANYING NOTES HAD BEEN ACCEPTED HELD IMPROPERLY ADMITTED.—In insurance company's action on notes, witness who testified that it was custom of particular office, after examination of application for insurance, to insert numbers therein if accepted, otherwise to return it without number, *held* erroneously permitted to go farther and say that, because numbers had been inserted in application which accompanied notes sued on, insured's application had been accepted.

3. INSURANCE—INSURANCE COMPANY'S ACCEPTANCE OF APPLICATION AND ACCOMPANYING NOTES HELD FOR JURY.—Whether insurance company had accepted application accompanied by notes *held* under evidence for jury.

Before HENRY, J., Aiken, December, 1924. Reversed and new trial granted.

Action by the Hartford Fire Insurance Company against J. C. Etheredge and another. Judgment for plaintiff and defendants appeal.

*Messrs. Williams, Croft & Busbee,* for appellants, cite: *Continuance:* 110 S. C., 261; 88 S. C., 378. *When insurance contract consummated:* 99 S. C., 230; 83 Fed., 631; 100 Wis., 4; 85 N. W., 128; 83 A. S. R., 851; 104 Ga., 67; 25 Conn., 207; 70 Mich., 1; 1 May on Ins., Sec. 60; 30 Fed., 545; 14 R. C. L., 896. *Proof of entries in books of account:* 93 S. C., 580. *Effect of uncontradicted testimony:* 125 S. E., 920. *Weight of evidence:* 98 S. C., 282; 96 S. C., 401; 95 N. Y. S., 87; 107 App. Div., 200; 78 N. E., 1105; 186 N. Y., 556; 101 S. C., 256.

*Mr. T. R. Morgan,* for respondent, cites: *Continuance:* Rule 27 of the Circuit Courts. *When insurance policy deemed issued:* 23 Cyc., 368.

September 25, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

This action is based upon notes similar in character to the notes involved in a suit by the same plaintiff against L. M. Young, in which the opinion was filed September 3, 1925.

The complaints in the two cases are practically the same in form, but in this case the answer is very brief. It alleges that the delivery of the notes was conditioned upon the plaintiff's approving the notes and accepting defendants' application and issuing a fire insurance policy thereupon. It alleged a failure of consideration, in that the application was not accepted, the notes were not approved, and no policy was issued or delivered to the defendants.

In the case against Young, there was an application for insurance, with notes simultaneously given, in order to procure a policy of fire insurance. An application was made in this case by the defendants, and notes given by them of the same tenor and purport as in the case against Young, except that in this case the sum claimed is for a larger amount.

His Honor, Judge J. K. Henry, presiding, refused to grant a nonsuit or direct a verdict in favor of the defendants, and directed a verdict for the plaintiff in the sum of $409.58.

The defendants have appealed on five exceptions.

The first exception alleges an abuse of discretion on the part of his Honor in not continuing the case on account of the illness of Mrs. Etheredge, one of the defendants. Counsel for the appellants draw a distinction between dealing with a mere witness in behalf of a litigant and one who is a witness as well as a party, and cites the case of *Barnes v. Railway Co.,* 110 S. C., 21; 96 S. E., 530. Quoting in part from the argument of the appellants, and as taken from the *Barnes Case:*

"He is expected, not only to give evidence, but to assist

counsel in the management of the case by advice and suggestion. A party to a suit that he prosecutes or defends, not only has the right to be present at the trial, but the supposition is that he will be present for the purpose of aiding and assisting in the protection of his rights."

This is undoubtedly true; but in this case it does not appear that the defendants were in any way put to a disadvantage on account of the absence of Mrs. Etheredge. True, her codefendant and husband naturally would desire to remain at home with her during her illness, but at the same time private inconvenience, even sometimes grievous, must give way to the public good and the prompt administration of justice, and this exception is overruled.

The third exception imputes error in allowing the witness, L. T. Moorman, to testify to the custom of the plaintiff in its Atlanta, Ga., office. The witness was not from the Atlanta office, but lived in Columbia. He said he had been in the Atlanta office and had been employed there, and that the custom of that office was, after examining an application, if the policy was issued, the numbers were inserted, but if it is returned, no numbers are put in. He testified that it appeared in the application and notes that this transaction was handled subject to that rule, stating that the number of the policy was in the application and the notes, and that this indicated that the application was accepted and the policy was issued, and that the notes were accepted in payment of the policy. All of this was over the objection of the defendants, which objections were overruled by the Court.

While it is well settled that transactions may be construed with reference to and in harmony with general business usages, and, if known to the parties to the transaction to which it relates, are obligatory (3 R. C. L., 855, and following) the rule was extended too far in this case. The witness could testify at most that he knew it was the custom of the office to make such entries on notes and policies. He

could not testify that the entries were made in this case, nor could it be said that, because he testified as to the custom, it followed as a matter of law that these acts were done. These were questions for the jury, and this exception is sustained.

Exceptions 4 and 5 may be disposed of together. They involve questions of fact, which should have been passed upon by the jury. The trial Judge held that the defendants were insured, and that the policy was only evidence of insurance, and they could have gotten it at any time.

Whether the plaintiff accepted and approved the application and notes of the defendants in the sense of making a binding contract between the parties, and whether the defendants were insured, should have been submitted to the jury. The general rule is well known that questions of fact should be submitted to a jury, and this includes, not only where the facts are in dispute, but also when the question is as to inferences to be drawn from such facts after they have been determined. *Clark v. Insurance Co.,* 101 S. C., 256; 85 S. E., 407.

These exceptions are sustained, and the judgment of the Circuit Court is reversed, and a new trial granted.

Reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE COTHRAN (concurring in result). I think that the motion for continuance should have been granted, and for that reason I concur in the order for a new trial. For the reasons advanced in my dissenting opinion in the case of this company against Brown, I dissent from the other conclusions in this opinion.