### 11847

### HARTFORD FIRE INS. CO. v. BROWN *ET AL.*

#### (130 S. E., 62)

INSURANCE—WHETHER CONDITIONS OF PREMIUM NOTES HAD BEEN FULFILLED HELD JURY QUESTION.—In action on fire insurance premium notes, one of which recited that it was valid only if policy was "issued," evidence, tending to establish acceptance of application or lapse of such time as would estop company from denying acceptance, *held,* nevertheless, to make issue for jury, whether conditions on which notes were made had been complied with constituting them absolute obligations, in view of evidence leaving it uncertain whether policy was ever actually delivered.

Before HENRY, J., Aiken, December, 1924.  Reversed and remanded.

Action by the Hartford Fire Insurance Company against Lillie A. Brown and another.  Judgment for plaintiff and defendants appeal.

*Messrs. Williams, Croft & Busbee,* for appellant, cite: *When insurance contract consummated:*  100 Wis., 4; 85 N. W., 128; 83 A. S. R., 851; 104 Ga., 67; 25 Conn., 207; 70 Mich., 1; 1 May on Ins., Sec. 60.  *Delay in acting on application for insurance:*  30 Fed., 545; 83 Fed., 631; 14 R. C. L., 896.  *Issuance of policy is question of fact:*  95 N. Y., 87; 107 App. Div., 200; 78 N. E., 1105, 186 N. Y., 556.

*Mr. T. R. Morgan* for respondent.

October 29, 1925.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

"This was an action commenced on April 9, 1923, in the Common Pleas Court for Aiken County, on two promissory notes aggregating $367.85, and attorney's fees, alleged to have been given in payment of a policy of fire insurance, and was tried before Judge Henry and a jury on the 1st day of December, 1924, resulting in a directed verdict for the plaintiff in the sum of $367.85 and $25 attorney's fees. There was no testimony offered as to attorney's fees.

### "COMPLAINT

"Sets out two causes of action on promissory notes, alleging aggregate sum of $367.85 and attorney's fees due; that one note was given in payment of first installment on insurance premium, based upon application made same day; and second note being for next four annual installments of premium for insurance, based upon the same application.

### "ANSWER

"Denies all allegations of complaint not specifically admitted; admits execution of application for insurance and notes, but sets up as a defense that the delivery to the plaintiff was a conditional delivery, the condition being that the application should be accepted and policy issued; denies liability, and pleads failure of consideration, by reason of the fact that application was never accepted by plaintiff, and no policy issued, or delivered, to defendants so as to make a contract between them, as contemplated in application and notes.

### "NOTICE

"Notice dated November 18, 1924, to plaintiff's attorney to produce upon the trial letter from defendant, Thomas Brown, to Hartford Fire Insurance Company, dated about September 7, 1921, or secondary evidence would be offered to prove same.   *   *   *

"The Court: He was insured from the 23d of August, and could have brought this action and compelled the company to pay his loss. I think the policy could be issued at any time. I think the policy is delivered when they accepted the insurance, and that is what I would have held if they had been suing here on a loss. I don't see any question for the jury. I think they have accepted it, and there is no time limit there, and I think that property is insured now, or for whatever time it runs to. If that property had been destroyed after August 23d, I would have had to hold that the company was liable.

"Mr. Morgan: The notes provide for a reasonable attorney's fee, and, while I have not proven any amount as reasonable, I think the Court can fix that.

"The Court: I will give you a fee of $25. I will cut it in half from the $50. Write out your verdict.

"The Court: There is nothing, gentlemen of the jury, to submit to you. I cannot conceive how the Court can be wrong in this case, and I think I have to direct a verdict. If you gentlemen make a mistake on the facts, it could not be corrected. There is a good deal of complaint in the country about these contracts, but farmers will sign contracts without some good lawyer telling them what to do. Go on and pay a lawyer $5, and save yourself a good deal of annoyance."

The exceptions are as follows:

(1) "It is respectfully submitted that the presiding Judge erred in directing a verdict for the plaintiff; the error being there was a question of fact that should have been submitted to the jury, to wit: Did the plaintiff accept and approve the application and notes of the defendants and issue to them a policy, so as to make a binding contract between them, this fact being disputed by positive testimony, and when the application specifically stipulated that it was subject to the approval of plaintiff, and notes stipulated that they should not be valid unless a policy was issued by plaintiff?"

The second exception was withdrawn.

(3) "It is respectfully submitted that the presiding Judge erred in holding from the testimony that a valid contract of insurance was entered into on the day the application was signed, August 23, 1921, and that the issuance of a policy was not necessary to the making of the contract, and holding from the testimony that plaintiff had accepted the application, the error being the notes and application of the defendants offered in evidence by the plaintiff show that the notes shall be void unless a policy is issued by the company, and that the application is subject to the approval of the company; and the agent who took the application and notes, by his own admission on the stand, could not bind the company, but only the head office in Atlanta could do so."

The testimony was susceptible of more than one inference.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

MR. JUSTICE WATTS and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. JUSTICE COTHRAN (dissenting): I think that his Honor, Judge Henry, was entirely right in directing a verdict for the plaintiff in this case, and therefore dissent from the contrary conclusion announced in the opinion of the Chief Justice, for the reasons which follow.

The action is upon two notes given by the defendants upon their application for $3,400 insurance against fire, lightning, tornadoes, cyclones, and windstorms. The application and notes were dated August 23, 1921. The insurance was to continue for 5 years from that date, and the premiums were to be paid; $78.25 on October 1, 1921, and $72.40 on each of the 1st days of September, 1922, 1923, 1924 and 1925, making a total of $367.85. At the time of the application the defendants executed two notes, one for $78.25, payable October 1, 1921, without interest, and the other, making up the other four installments, for $289.60, payable in installments as stated above, without interest.

Both contained the attorney's fee clause.   The smaller note contained this clause:  "This note shall not be valid unless policy is issued by said company."   The larger note did not contain this clause.   There was in the larger note a provison that default in the payment of any installment, when due, should mature the entire amount of the note.

The opinion of the Chief Justice is apparently based upon the theory that an actual delivery of the policy to the insured was essential to the consummation of the contract of insurance, and proceeding upon that theory, if sound, very properly holds that as there was a conflict of evidence upon the fact of delivery the case should have been submitted to the jury.

I do not think that the issue of actual delivery of the policy to the insured is at all a controlling one in the case. On the contrary, that it is entirely immaterial, if, as a matter of fact, the application was accepted by the company.

Upon this issue the evidence clearly shows that the application was accepted.   The agent of the insurance company, who took the application and the notes, testified at the trial, when the notes were before him, that he forwarded the application and the notes to the head office in Atlanta; that the notes had a memorandum upon them; that "the numbers on the right-hand corner of the notes correspond with that on the policy, and indicate that application was accepted and a policy issued and sent" to the company's local agent; that the numbers on the notes were placed there by the main office in Atlanta.   The company retained the notes and at maturity demanded payment, and later sued upon them.

If there had been a loss and the insured had brought suit upon the contract of insurance, I have little doubt but that upon the foregoing evidence the company would have been held liable.   If the company was bound to its contract by the acceptance of the application, regardless of the actual delivery of the policy, it is only fair that it should be entitled to the fruits of the contract.   Even if the company

had not accepted the application, the unreasonable delay in notifying the insured that it had been rejected, thus preventing other insurance, would have estopped it from denying its acceptance.

It is noticeable that the smaller note, in which only the clause appears, states:

"This note shall not be valid unless policy is issued (not delivered) by said company."

See upon the subject of acceptance without actual delivery of the policy 1 Joyce, Ins. (2d Ed.) § 55, where it is declared that, if the company does an act indicating its acceptance of the application, the insurance becomes effective from that date, and, in Section 62, that a policy is considered delivered when mailed from its home office to the agent for delivery to the insured.

I think that the evidence fully warrants the conclusion that the company accepted the application and mailed the policy to the local agent for delivery to the insured, and that it was bound by the contract from that time.

Whether the policy was actually delivered to the insured is uncertain from the evidence; but it is significant that, when demand for payment of the notes was made upon the defendants, they made no complaint that the policy had not been delivered, and only expressed their inability to pay for the reason that "they had not sold their cotton." But, as I have endeavored to show, actual delivery was not essential to the consummation of the contract, where it is shown that the company accepted the application, and did all that they could do to complete the contract, and retained the obligations of the insured as valid.

The judgment of this Court should be that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MARION concurs.