NOTE: See the later case of *State v. McGhee et al.,* filed) Oct 14th, 1926.——Reporter.

---

### 11974

HARTFORD FIRE INSURANCE CO. v. GARVIN *ET AL.*

(133 S. E., 29)

1. INSURANCE—RETENTION BY INSURANCE COMPANY OF APPLICATION AND NOTES GIVEN FOR PREMIUM, TOGETHER WITH EVIDENCE THAT NUMBER OF POLICY ISSUED ACCORDING TO CUSTOM APPEARED ON NOTES, HELD TO WARRANT INFERENCE THAT POLICY HAD BEEN ISSUED, AND TO PRESENT ISSUE OF FACT FOR JURY.—In action on insurance notes, fact that company retained application and notes given for premium, in connection with evidence as to custom of office to enter number of policy when issued, which number appeared on notes, *held* sufficient to support inference of fact that application had been accepted and policy issued, and to raise issue of fact for jury.

2. INSURANCE—REFUSAL OF COURT TO HOLD AS MATTER OF LAW THAT RETENTION OF NOTES AND APPLICATION FOR INSURANCE BY INSURER WAS NOT ACCEPTANCE THEREOF HELD PROPER, AS SUCH RETEN-

NOTE: Effect of delay in passing upon application for insurance, see note in 36 L. R. A. (N. S.), 1211.

TION DID NOT EXCLUDE EVERY OTHER REASONABLE INFERENCE.—
Refusal of Court, in action on insurance notes, to hold that reten-
tion by insurer was not·acceptance of notes and application *held*
proper, as such retention did not exclude every reasonable infer-
ence other than that application was accepted and policy issued.

3. EVIDENCE—INSURANCE—WITNESS COULD PROPERLY TESTIFY AS TO
INSURANCE COMPANY'S CUSTOM IN ENTERING POLICY NUMBER ON
INSURANCE NOTES, BUT HIS TESTIMONY AS TO WHAT SUCH NUM-
BERS INDICATED WAS PROPERLY EXCLUDED, INFERENCE THEREFROM
BEING FOR JURY.—Witness for insurer, in action on insurance
notes, could properly testify of his own knowledge as to custom
with respect to entry of policy number on notes, but his testi-
mony as to what such numbers on notes and application for in-
surance indicated was properly excluded, since inference there-
from was for jury.

Before TOWNSEND, J., Aiken March, 1925.   Reversed and
new trial granted.

Action by the Hartford Fire Insurance Company against
R. D. Garvin and another.    Judgment of non-suit and
plaintiff appeals.

*Mr. T. R. Morgan* for appellant, cites: *Case governed by*
132 S. C., 488; 129 S. E., 428.

*Messrs. Williams, Croft & Busbee for respondents,* cite:
*Unreasonable delay in action upon application for insurance
does not bind insurer:* 83 F., 631; 30 F., 545; 14 R. C. L.,
896.   *Application for insurance and notes constituted a mere
offer to contract:* 132 S. C., 34; 129 S. E., 129.

May 6, 1926.

The opinion of the Court was delivered by MR. ACTING
JUSTICE J. H. MARION.

This was an action commenced on July 5, 1923, on two
promissory notes alleged to have been given in payment of
a policy of fire insurance.   One of the notes was for the
sum of $45.13 and the other for the sum of $180.52.   The
Circuit Judge granted an order of nonsuit, and plaintiff has
appealed.   The terms and provisions of these notes appear

to be identical with those involved in *Hartford Fire Insurance Co. v. Young,* 132 S. C., 34; 129 S. E., 129. *Hartford Fire Insurance Co. v. Etheredge,* 132 S. C., 488; 129 S. E., 428; and *Hartford Fire Ins. Co. v. Brown et al.,* 133 S. C., 17; 130 S. E., 62.

The substantial question raised by the appeal is whether the Circuit Judge committed error in granting nonsuit. The grounds for that ruling are thus stated by the trial Judge:

"I think that the application and notes show that they contemplated the issuance of a policy, and that is what the parties had in mind, and the party whose duty it was to issue the policy must show that they issued it before they can claim payment on the note, and they have not done it. The nonsuit is granted for that reason."

The construction thus given the application and notes was in accord with the view of this Court as expressed in *Hartford Fire Insurance Co. v. Young, supra,* as follows:

"The evidence is susceptible of no other reasonable inference than that the application and the notes executed by defendant constituted a mere offer to contract, or order, for an insurance policy which was subsequently to be issued and delivered to defendant if the offer of defendant was approved and accepted by the insurance company."

But in the view that there was no evidence tending to establish that the policy had been issued in this case we find ourselves unable to concur. There was evidence tending to establish: That the application and notes were executed by defendants on August 12, 1921. That when executed there was a blank intended to be filled in with the policy number. That the smaller note for $45.13 contained the following stipulation, printed just above the note and preceding the words "policy number": "Exhibit No. 2: To be filled in by agent; Wagener, S. C., Agency, Wagener Real Estate & Guaranty Co." That the larger note was preceded by the following printed stipulation: "Exhibit

No. 3: The company is authorized to insert in this note the number and date of policy." That the notes introduced in evidence had the policy number filled in. That the agent who took the application and the notes forwarded them to the head office in Atlanta. That this agent had worked at the head office and knew that it was the rule or custom that the numbers were not inserted in the notes unless and until the policy was issued. That if an application was not approved a letter was written to the agent through whose office the application was forwarded. That a copy of this letter was sent to the agent who had taken the application. That the agent who had taken this application had never received any letter to the effect that the policy was not issued. That both the application and the notes had been retained by the company.

While the "weight of authority supports the rule that mere delay in passing on an application for insurance cannot be construed into an acceptance of it" (14 R. C. L., p. 896, § 72), the fact that the company retained both the application and the notes given in payment of the premium, taken in connection with the foregoing evidentiary facts and circumstances as to the rule or custom of the head office to enter the number of the policy when issued, that such entry appeared on these notes, etc., was sufficient, we think, to support an inference of fact that the application had been accepted and the policy issued by the company. In *Hartford Fire Insurance Co. v. Etheredge, supra,* the Circuit Judge directed a verdict for the plaintiff upon facts substantially identical with those above set out, but accompanied by the further statement of the witness testifying thereto to the effect that the numbers inserted in the notes indicated that the application was accepted and the policy was issued. In reversing the order of the Circuit Judge directing a verdict, this Court held that the trial Judge had erred in permitting the witness to testify, in substance,

that the number had been inserted by the company, and that this insertion indicated acceptance. The Court said:

"The witness could testify at most that he knew it was the custom of the office to make such entries on notes and policies. He could not testify that the entries were made in this case, nor could it be said that, because he testified as to the custom, it followed as a matter of law that these acts were done. These were questions for the jury, and this exception is sustained."

As pointed out in the dissenting opinion of Mr. Justice Cothran in *Hartford Fire Insurance Co. v. Brown et al., supra:*

"Actual delivery [of the policy] was not essential to the consummation of the contract, where it is shown that the company accepted the application, and did all that they could do to complete the contract, and retained the obligations of the insured as valid."

While it is somewhat difficult to understand why the plaintiff should have rested the proof of a material fact, to wit, issuance of the policy, upon the somewhat meager circumstantial evidence here adduced, we are of the opinion that it may not be soundly held as a matter of law that the facts established were not sufficient to warrant the inference that the application had been accepted and the policy issued. In that view the issue was one of fact which should have been submitted to the jury. Exception 3 must therefore be sustained.

Exception 2 is directed to the contention "that his Honor erred in holding that the retention of the notes and application for insurance by the plaintiff was not an acceptance of the notes and application," etc. In the view indicated, the retention of the application and the premium notes was an evidential circumstance, which, taken in connection with the other facts and circumstances established, was sufficient to support an inference of the accept-

ance of the application. But the mere retention of the application and the notes cannot be held to exclude every reasonable inference other than that the application was accepted and the policy issued. This exception is therefore overruled.

The only remaining question (exception 1) is whether "his Honor erred in not permitting L. T. Moorman, a witness for the plaintiff, to testify as to what the numbers on the notes and application for insurance indicated." It was competent for this witness to testify of his own knowledge as to the rule or custom with respect to the entry of policy number in the notes, etc., but the inference as to what such entries indicated in this case was for the jury. *Hartford Fire Ins. Co. v. Etheredge, supra.* This exception must therefore be overruled.

The judgment of the Circuit Court is reversed and a new trial granted.

MESSRS. JUSTICES WATTS, COTHRAN and MESSRS. ACTING ASSOCIATE JUSTICES R. O. PURDY and C. J. RAMAGE concur.